**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> ANDREW SANDERS, MEGAN GOODIN, and QUNEIL GASTON, <br><br> Defendants. | 2:20-cr-00090-APG-VCF <br><br> **ORDER** <br><br> MOTION TO SEVER [ECF NO. 61] |

Before the Court is defendant Andrew Sanders's motion to sever (ECF No. 61). The motion to sever is denied.

**I.  Background**

The government charged defendant Sanders and two other co-defendants Megan Goodin and Quneil Gaston with two counts of conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951(a), and eight counts of Interference with Commerce by Robbery in violation of 18 U.S.C. § 1951(a). (ECF No. 34). Count one charges all the defendants with conspiracy; count two and three charge Sanders and Goodin with two counts of robbery; counts four, five, and six charge Sanders and Gaston with three counts of robbery; count seven charges Goodin and Gaston with conspiracy to commit robbery; and counts eight- ten charge Goodin and Gaston with three substantive counts of robbery. (*Id*.)

The defendant argues in his motion to sever that he will be prejudiced in a joint trial because after their arrests, defendants Goodin and Gaston gave inculpatory statements to law enforcement that implicated themselves and Sanders in criminal conduct related to the charges in this case. (ECF No. 61 at 2). The defendant argues that a joint trial with his co-defendants will violate the Fifth Amendment's due process clause and his Sixth Amendment right to confront and cross-examine witnesses against him. (*Id.* at 3). The defendant also argues that he anticipates that he and his co-defendants will present mutually exclusive and/or antagonistic defenses that trigger severance. (*Id*. at 5) Sanders also argues that, without severance, there is a danger of spillover prejudice in this case because there is a vast difference in the evidence incriminating him, versus his co-defendants, because they confessed. (*Id*.)

The government argues in its response that defendant Sanders has failed to demonstrate a serious risk of prejudice to him if he is tried with his co-defendants. (ECF No. 63 at 1). The government also argues that any prejudice to Sanders is outweighed by the concern for judicial economy given that the defendants are charged in a conspiracy and multiple substantive counts. (*Id*. at 1-2). The government argues that there are many curative measures available if this case proceeds to trial: for example, the government may elicit the relevant information from the investigators who took the interviews (as opposed to playing the redacted audio of the interview itself), the government may seek to admit a summary version of each statement that redacts any reference to any other defendant, or the government may request a limiting instruction to the jury. (*Id*. at 7).

The defendant argues that a summarized statement would be unjust because the jury will conclude that both other defendants are referring to him. (ECF No. 64 at 2). Sanders also argues that his constitutionally guaranteed right to confront witnesses brought against him will be meaningless. (*Id*.)

**II.     Discussion**

The Sixth Amendment states that, "[i]n all criminal prosecutions, the accused shall enjoy the right to…be confronted with the witnesses against him[.]" U.S. CONST. amend. VI.   Rule 8(b) of the

Federal Rules of Criminal Procedure permits the government to, "charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately." USCS Fed. Rules Crim. Proc. R. 8. "[D]efendants who are indicted together in federal court should be jointly tried." *United States v. Tootick*, 952 F.2d 1078, 1080 (9th Cir. 1991); see also *United States v. Armstrong*, 621 F.2d 951, 954 (9th Cir. 1980) ("[J]oinder is the rule rather than the exception.").

Federal Rule of Criminal Procedure 14 states that if joinder of defendants appears to prejudice a defendant or the government, the court may sever the defendants' trials. USCS Fed Rules Crim Proc R 14. "In assessing the prejudice to a defendant from the 'spillover' of incriminating evidence, the primary consideration is whether the 'jury can reasonably be expected to compartmentalize the evidence as it relates to separate defendants, in view of its volume and the limited admissibility of some of the evidence.'" *United States v. Cuozzo*, 962 F.2d 945, 950 (9th Cir. 1992) (quoting *United States v. Escalante*, 637 F.2d 1197, 1201 (9th Cir. 1980)). The court's power to order severance "rests within the broad discretion of the District Court as an aspect of its inherent right and duty to manage its own calendar." *United States v. Gay*, 567 F.2d 916, 919 (9th Cir. 1978).

The defendant seeking severance bears the burden of showing undue prejudice of such a magnitude that without severance he will be denied a fair trial. *United States v. Jenkins*, 633 F.3d 788, 807 (9th Cir. 2011). A defendant may be prejudiced by the admission in evidence against a co-defendant of a statement or confession made by that co-defendant. *Bruton v. United States*, 391 U.S. 123, 123, 88 S. Ct. 1620, 1621 (1968). "[T]he admission of a statement made by a non-testifying codefendant violates the Confrontation Clause when that statement facially, expressly, or powerfully implicates the defendant." *United States v. Mitchell*, 502 F.3d 931, 965 (9th Cir. 2007) (internal quotation marks and citation omitted). If there is a risk of prejudice, the trial court can neutralize the risk with appropriate

jury instructions, and "juries are presumed to follow their instructions." *Zafiro v. United States*, 506 U.S. 534, 540, 113 S. Ct. 933, 122 L. Ed. 2d 317 (1993). Rule 14 does not require severance even if prejudice is shown; the rule leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion. *Id.* at 538-39.

"Mere inconsistency in defense positions is insufficient to find codefendants' defenses antagonistic." *United States v. Tootick*, 952 F.2d 1078, 1080 (9th Cir. 1991). "The probability of reversible prejudice increases as the defenses move beyond the merely inconsistent to the antagonistic." *Id.* "Mutually exclusive defenses are said to exist when acquittal of one codefendant would necessarily call for the conviction of the other." *Id.*

Joinder is proper under Rule 8 because the defendant and his co-defendants were indicted together regarding a series of crimes that they allegedly committed together. Judicial economy favors joinder given that the facts of the robberies would be presented in both trials. The defendant has not met his burden under Rule 14 to show undue prejudice of such a magnitude that without severance he will be denied a fair trial. The government has presented multiple less drastic measures, including introducing summarized versions of the statements, excluding the audio of the statements, introducing the summarized versions of the statements through the investigator, or limiting jury instructions, which would suffice to cure any risk of prejudice.

The defendant's argument that summarized versions of the statements will make it obvious that his co-defendants implicated him are unavailing because the government (1) can ask the investigator to relate the information a particular defendant made about their own involvement and forego any implications of their co-defendants; or (2) can seek to admit a summary version of each statement that redacts any reference to any other defendant. The defendant has failed to satisfy his burden of demonstrating undue prejudice under Rule 14 due to the presence of alternative means to reduce such prejudice, including the use of limiting jury instructions and excluding statements.

Sanders also alleges that he anticipates that he and his co-defendants will present mutually exclusive and/or antagonistic defenses that trigger severance. However, even if Sanders intends to deny any involvement in the robberies at trial, an innocence defense is not mutually exclusive to the other defendants. A jury's acquittal of the co-defendants would not lead to Sanders's conviction. Sanders has not demonstrated that the core of his co-defendant's defense is so irreconcilable with a potential innocence defense that, "that the acceptance of the co-defendant's theory by the jury precludes acquittal of the defendant." *United States v. Throckmorton*, 87 F.3d 1069, 1071 (9th Cir. 1996). The risk of spillover is minimal: evidence relating to each defendant can be compartmentalized and limiting jury instructions may cure any spillover evidence and render such evidence non-prejudicial because juries are presumed to follow the instructions given to them.

The trial Court retains the discretion to tailor relief necessary if the defendant can show that the proposed summarized statements, or any other less drastic measures, intrude upon his Sixth Amendment rights or will not suffice to cure any risk of prejudice. If less drastic measures will not cure the prejudice, then the district judge retains the discretion to set aside or modify this order or any part of it.

ACCORDINGLY,

IT IS ORDERED that defendant Andrew Sanders's motion to sever (ECF No. 61) is DENIED.

DATED this 11th day of August 2021.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE